**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dae'Kwon Jaheem Simmons, Appellant.

Appellate Case No. 2021-000802

———————

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-161
Submitted April 1, 2025 – Filed May 7, 2025

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

———————

**PER CURIAM:**  Dae'Kwon Jaheem Simmons appeals his convictions for murder and possession of a weapon during the commission of a violent crime and sentence of thirty-eight years' imprisonment.  On appeal, Simmons argues the trial court abused its discretion by allowing the State to impeach a defense witness using facts recited by the State and agreed to by the witness at his juvenile adjudication hearing, wherein the witness pled guilty to a charge related to the incident for which Simmons stood trial.  Simmons contends this was an "improper impeachment" and should have been excluded under Rule 403 of the South Carolina Rules of Evidence as unduly prejudicial.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the witness's juvenile adjudication to accessory before the fact to attempted murder, which stemmed from the same incident for which Simmons was on trial, and statements made during the adjudication for the purposes of attacking the witness's credibility because (1) evidence of the juvenile adjudication was admissible under Rule 609(d) of the South Carolina Rules of Evidence, (2) the statement was admissible under Rule 801(d)(1) of the South Carolina Rules of Evidence, and (3) the probative value of the juvenile adjudication and statement was not substantially outweighed by the danger of unfair prejudice.  *See State v. Smith*, 315 S.C. 547, 551, 446 S.E.2d 411, 413 (1994) (providing that an appellate court "will not disturb on appeal a trial court's ruling concerning the scope of cross-examination of a witness to test his credibility absent a manifest abuse of discretion"); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); Rule 609(a)(1), SCRE ("For the purpose of attacking the credibility of a witness, . . . evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . ."); Rule 609(d), SCRE ("Evidence of a juvenile adjudication is admissible under this rule if conviction of the crime would be admissible to attack the credibility of an adult."); Rule 801(d)(1)(A), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the

statement, and the statement is . . . inconsistent with the declarant's testimony . . . .").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.